ANNA LUE KING, APPELLANT, v. NEW JERSEY DEPT. OF
INSTITUTIONS AND AGENCIES AND PASSAIC COUNTY
WELFARE BOARD, RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued June 26, 1973—Decided July 12, 1973.

Before Judges HALPERN, MATTHEWS and LYNCH.

*Ms. Ann Marie Boylan,* Passaic County Legal Aid Society, argued the cause for appellant.

*Mrs. Joan W. Murphy,* Deputy Attorney General, argued the cause for respondent New Jersey Dept. of Institutions and Agencies (*Mr. George F. Kugler, Jr.,* Attorney General, attorney; *Mr. Stephen Skillman,* First Assistant Attorney General, of counsel).

*Mr. Ronald A. Breslow* argued the cause for respondent Passaic County Welfare Board.

PER CURIAM. Appellant, a recipient of old age assistance pursuant to *N. J. S. A.* 44:7-1 *et seq.,* appeals from a decision of the Department of Institutions and Agencies (Department) which affirmed the action of the Passaic County Welfare Board in denying her application for an increase in her monthly allowance of $162. Appellant asserts that such

amount is inadequate to provide for her reasonable maintenance and well-being. She states that her monthly rent is $135, her utilities average $34 a month, and food stamps cost $6 a month, totaling $175.

It is obvious from the above figures that appellant's expenses exceed her income. In addition, she suffers from arthritis, rheumatism and asthma, plus several other ailments. Her application for an increased allowance was triggered by the fact that she had incurred an unpaid utility bill of $247, resulting in Public Service giving notice that the service would be cut off unless the delinquent bill was satisfied by payment of $64 by May 23, 1973 and $44 on the first of each month thereafter. Plaintiff's "emergency" application to the welfare board was for an increase of $54 a month, to be used towards payment of the first installment of the utility bill, the remaining $10 to be paid by her, and $39 monthly thereafter, with the remaining $5 to be paid by appellant. The first installment of $64 was satisfied by payments of $10 by appellant herself and $54 by the welfare board pursuant to an interim order of a judge of the Appellate Division, pending disposition of the motion for temporary relief before this court.

In its decision the Department held that the determination of appellant's grant in the amount of $162 a month was correctly based on the rules and regulations adopted by the Division of Public Welfare (Division) pursuant to *N. J. S. A.* 44:7-6 and -12, and in accordance with the Financial Assistance Manual used by the Division. The grant of $162 a month is a "flat grant" arrived at pursuant to the regulations of the Division which became effective July 1, 1971, whereby the Categorical Assistance Budget, theretofore the guide, was replaced by the Financial Assistance Manual as the basis for establishing the amount of a grant. *Cf. New Jersey Welfare Rights Organization v. Cahill,* 349 *F. Supp.* 501 (D. N. J. 1972), for explanation of the difference between the manuals. The Division has provided that a county welfare board may make additional payments to a recipient

beyond those established in the "flat grant" only where an "emergent situation" exists. An "emergent situation" is defined as "a sudden and urgent occasion calling for immediate financial assistance, recognized in this Chapter when the occurrence is one over which the eligible unit had no control or opportunity to plan in advance." *N. J. A. C.* 10:82–1.1. And *N. J. A. C.* 10:82–12.11(c) reads:

When there has been substantial loss of shelter, food, clothing or household furnishings by fire, flood or other similar natural disaster; or when because of an emergent situation over which they had no control or opportunity to plan in advance, the eligible unit is in a state of homelessness; and the county welfare board determines that the providing of shelter and/or food and/or emergency clothing, and/or minimum essential house furnishings are necessary for health and safety, such needs may be recognized in accordance with the following regulations and limitations: * * *.

It was on the basis of these provisions that appellant was denied her application for an increase in her grant. The hearing officer had found:

In the instant case, appellant did have her public assistance grant available to her, with which to pay her bill. Consequently, she could have averted her "imminent state of homelessness" had she only paid her monthly bill. Therefore, the Hearing Officer finds that appellant did have control of the situation and an opportunity to plan in advance. The Hearing Officer finds the action by the Welfare Board consistent with official regulations as applied to facts presented during the hearing proceeding.

That finding was affirmed by the Decisional Panel of the Division and by the final decision of the Department.

At oral argument appellant's attorney expressly abjured any attack on the concept of "flat grant" as such. *Cf. New Jersey Welfare Rights Organization v. Cahill, supra.* Rather, the argument is made that the regulations are in conflict with the statute pursuant to which they were promulgated. Appellant interprets the statute as mandating accommodation of the amount of assistance to a person's "individual needs, circumstances and conditions" such as

hers here. In support of that proposition she quotes from
*N. J. S. A.* 44:7–6 in this inaccurate and truncated fashion:

> The division of Old Age Assistance * * * shall supervise the ad-
> ministration of old age assistance to the end that there may be
> throughout the state a uniform standard of * * * methods of treat-
> ment of aged needy persons *based upon their individual needs and
> circumstances and with due regard to varying living conditions and
> costs of living* * * *. Such division shall prescribe * * * such addi-
> tional rules and regulations as are necessary and proper for *carry-
> ing out the provisions of this chapter.* [Emphasis appellant's]

A reading of that section in full context indicates that its
intent is to mandate "a uniform standard of records and
methods of treatment" based on individual needs and cir-
cumstances, and not to mandate monetary satisfaction of
one's individual needs.

Likewise, in truncated fashion, appellant quotes from
*N. J. S. A.* 44:7–12 as follows:

> The County Welfare Board *shall* extend to those persons * * *
> eligible * * * *assistance adequate to provide for their reasonable
> maintenance and well-being* * * * *the amount* and nature of assistance
> * * * shall be determined * * * *with due regard to the conditions exist-
> ing in each case,* in accordance with the rules and regulations of the
> State division. [Emphasis appellant's]

As thus quoted, the statute would mandate assistance to pro-
vide for appellant's "reasonable maintenance and well-being"
with "due regard to the conditions existing" in her case.
But in full and relevant context the section says:

> The *amount* and nature *of assistance* which any person shall re-
> ceive, the manner of providing it, and the conditions upon which it
> is granted, shall be determined by the county welfare board as the
> bureau of old age assistance with due regard to the conditions existing
> in each case, *in accordance with the rules and regulations of the State
> division* * * *. [Emphasis ours]

As we have stated above, the rules and regulations of
the Division specifically provide for those instances in which
emergency assistance payments for food, shelter, clothing or

household furnishings are made. *N. J. A. C.* 10:82–12.11 (c), (1), (2), (3) and (4). Appellant's circumstances do not fall within those provisions. And the significant characteristic of the regulations which excludes her eligibility here is that an "emergent situation" must be a "sudden and urgent occurrence" over which she had "no control or opportunity to plan in advance." *N. J. A. C.* 10:82–1.1; 10:82–12.11(c). The Department decision holding that appellant had an opportunity to plan in advance with respect to her utility bill is supported in the record. Any remedy to satisfy appellant's present unfortunate situation lies with the Legislature or amendment of the rules and regulations of the Division within its statutory authority.

It is within those governmental areas that the judgment is to be made as to how much monetary assistance is to be allotted to a welfare recipient. It is not the function of the judiciary.

For the foregoing reasons, the decision of the Department is affirmed.